MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CHANTAL R. JENKINS, PA SBN 307531
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8931
    Facsimile: (415) 744-0134
    E-Mail: Chantal.Jenkins@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| GAYLE WINTER,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:13-cv-01314-GSA<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIFTEEN THOUSAND DOLLARS AND 00 CENTS ($15,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action and the ninth circuit civil action *Winter v. Berryhill*, No. 15-17095, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Jacqueline Forslund, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated: April 30, 2018  */s/ Jacqueline Forslund by Chantal R. Jenkins\**
JACQUELINE FORSLUND
\*as authorized via email on April 17, 2018.
Attorney for Plaintiff

Dated: April 30, 2018  MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: */s/ Chantal R. Jenkins*
CHANTAL R. JENKINS
Special Assistant United States Attorney

### **ORDER**

Plaintiff's counsel shall be awarded attorney's fees in the amount of FIFTEEN THOUSAND DOLLARS AND 00 CENTS ($15,000.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). All fees shall be paid pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) and in accordance with the parties' stipulation. (Doc. 37).

IT IS SO ORDERED.

Dated: **May 1, 2018**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE